COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:          Levco Construction, Inc. v. Cleveland Construction, Inc. and
                              Whole Foods Market Rocky Mountain/Southwest, L.P.

Appellate case number:        01-15-00620-CV

Trial court case number:      2011-23308

Trial court:                  270th District Court of Harris County

On May 4, 2015, the trial court signed the final judgment, finding in favor of one co-defendant, Cleveland Construction, Inc. ("CCI"), against the other co-defendant, Whole Foods Market Rocky Mountain/Southwest, L.P. ("Whole Foods"), after conducting a bench trial in this breach of contract suit. On May 15, 2015, plaintiff-appellant, Levco Construction, Inc. ("Levco"), timely filed a request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. On June 5, 2015, the trial court timely signed its Findings of Fact and Conclusions of Law. *See id.* 297.

On July 17, 2015, Levco timely filed a notice of appeal in the trial court from the final judgment and Findings of Fact and Conclusions of Law, and requested that the clerk's and reporter's records be prepared. *See* TEX. R. APP. P. 26.1(a)(4). On July 29, 2015, Whole Foods, the appellee/cross-appellant, timely filed its notice of appeal in the trial court from the final judgment and Findings of Fact and Conclusions of Law. *See* TEX. R. APP. P. 26.1(a)(4). On August 20, 2015, Whole Foods filed a docketing statement indicating that it had requested that the appellate record be prepared, but that payment arrangements had not been made yet either with the clerk or court reporter.

On September 1, 2015, the Clerk of this Court granted the court reporter's 30-day request for an extension of time to file the reporter's record until October 1, 2015. The reporter's information statement indicated that the appellant had made arrangements to pay for the reporter's record, but it did not indicate whether Levco, the appellant, or Whole Foods, the cross-appellant, had paid for it. The reporter also stated that because

the exhibits number over 20,000 pages for the six-day bench trial, the reporter's record would be "around 40 to 60 volumes."

On September 3, 2015, the Clerk of this Court granted the trial clerk's 20-day request for an extension of time to file the clerk's record until September 23, 2015. The trial clerk's information sheet also indicated that the appellant had not made payment arrangements for the clerk's record, but it did not indicate whether it was Levco, the appellant, or Whole Foods, the cross-appellant, to whom it was referring to as appellant.

On September 21, 2015, Levco filed this "Notice of Indigence and for Extension of Time." Levco explains that it is a subcontractor of the general contractor, CCI, whom had entered into a general construction contract with Whole Foods in 2010 for a Whole Foods Market that was completed in mid-2012. Apparently due to delays, Levco claims it was not paid for its additional work on the project, which "ultimately led to this litigation and its failure as an on-going enterprise." Consequently, Levco contends that it is unable to pay for the clerk's and reporter's records, which it claims costs in excess of $23,000, and has necessitated its filing this notice of indigence. Thus, Levco requests that this Court "take notice of its financial situation, [and] issue a thirty (30) day extension of the deadlines to file briefs, if necessary, and such other relief to which it determines the parties are entitled."

"An appellant must file the affidavit of indigence in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). In addition, "[t]he appellate court may extend the time to file an affidavit of indigence if, within 15 days after the deadline for filing the affidavit, the party files in the appellate court a motion complying with Rule 10.5(b)." *Id.* 20.1(c)(3). Here, however, there was no affidavit of indigence filed with Levco's notice of appeal, which was filed on July 17, 2015, or any timely request by Levco to extend the time to file an affidavit of indigence. Thus, Levco's Notice of Indigence, construed as a motion for extension of time to file an affidavit of indigence in the trial court, is **denied** as untimely. *See id.* 20.1(c)(3).

Finally, to the extent that Levco seeks an extension of time to file its brief, its motion for extension of time to file appellant's brief is **denied** as premature without prejudice to refiling. Because the clerk's record is due to be filed by September 23, 2015, and the reporter's record is due to be filed by October 1, 2015, the briefing deadline does not begin until after the last record has been filed. *See* TEX. R. APP. P. 38.6(a)(2).

It is so **ORDERED**.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
⊠ Acting individually ☐ Acting for the Court

Date: September 24, 2015